# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0936V
UNPUBLISHED

| | |
|---|---|
| RENEE SMITH,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 6, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Kristina E. Grigorian, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*

*Daniel Anthony Principato, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On June 28, 2018, Renee Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered on October 12, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 23, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 3, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $125,000.00 (for past and future pain and suffering). Proffer at 2. In the Proffer, Respondent

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that Petitioner agrees with the proffered award.  *Id.* at 1.  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $125,000.00 (for past and future pain and suffering) in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| RENEE SMITH, | ) | No. 18-936V |
|  | ) | Chief Special Master Corcoran |
| Petitioner, | ) | ECF |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SECRETARY OF HEALTH AND | ) |  |
| HUMAN SERVICES, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## PROFFER ON AWARD OF COMPENSATION

### I.    Compensation for Vaccine Injury-Related Items

On August 22, 2019, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34.  Accordingly, on August 23, 2019, the Chief Special Master issued a Ruling on Entitlement.

Respondent now proffers that, based on the evidence of record, petitioner should be awarded $125,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### II.    Items of Compensation and Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

A.  Petitioner's Damages

A lump sum payment of $125,000.00 (for past and future pain and suffering) in the form of a check payable to petitioner, Renee Smith.

B.  Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Daniel A. Principato
DANIEL A. PRINCIPATO
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-3662
Fax: (202) 353-2988

Dated: January 3, 2020